# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM NORTON<br>Plaintiff,<br><br>vs.<br><br>CORPORAL WALTON,<br>individually,<br>DEPUTY ELLER,<br>individually,<br>Defendants. | )<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>) |

## COMPLAINT

PLAINTIFF brings this complaint for damages against DEFENDANTs and alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and arising under law and statutes and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3). Attorney's fees are sought pursuant to 42 U.S.C. § 1988.

1

## PARTIES

2. At all material times, Plaintiff William Norton ("Mr. Norton") was, and still is, a citizen of Chambers County, Alabama and over the age of 19.

3. At all material times, Corporal Walton was a police officer employed by the Lee County Sheriff's Department and acting within the course and scope of his employment as a police officer and under the color of state law. He is sued in his individual capacity.

4. At all material times, Deputy Eller was a police officer employed by the Lee County Sheriff's Department and acting within the course and scope of his employment as a police officer and under the color of law. He is sued in his individual capacity.

5. At all times material hereto, the acts, omission, practices and other conduct of each Defendant were committed under color of state or local law.

6. At all times material hereto, the acts and omissions of the Defendants were committed by agents, employees, and actors of the Lee County Sheriff's Department and within the course and scope of their employment as police officers.

## FACTS OF THE CASE

7. The facts alleged herein are asserted upon the information and belief of Mr. Norton. The incident that forms the basis of this lawsuit was a chaotic confrontation involving at least two police officers from Lee County Sheriff's

2

Office that left Mr. Norton with severe canine bite injuries to his right thigh. Due to the chaos of the encounter and the subsequent physical and emotional damage he suffered, Mr. Norton is unable to name all of the officers involved. Corporal Walton and Deputy Eller were, upon information and belief, wearing body cams that captured the details of this encounter. Upon receipt and review of the body cam footage of Corporal Walton and Deputy Eller, Mr. Norton will seek leave to amend this Complaint.

8. On or about June 19, 2024, Mr. Norton was inside of an abandoned mobile home.

9. Mr. Norton had an outstanding warrant for his arrest.

10. Mr. Norton heard Corporal Walton and Deputy Eller state that they were sending a canine in (a German Shepherd named Astro) if Mr. Norton did not voluntarily exit the mobile home.

11. Mr. Norton heard Astro enter the mobile home, and he yelled to Corporal Walton and Deputy Eller that he surrenders and pleaded with them not to let Astro bite him.

12. Astro entered the room in which Mr. Norton was standing. He sniffed Mr. Norton and then exited the room.

13. Mr. Norton was not armed.

14. Corporal Walton and Deputy Eller put Mr. Norton face down on the ground to handcuff him.

15. Once Mr. Norton was subdued on the ground and under the control of Corporal Walton and Deputy Eller, he heard Corporal Walton speak a word that he did not recognize as English, and Astro began to attack him leaving the aforementioned injuries to his right thigh.

16. Corporal Walton released the police dog on Mr. Norton without justifiable cause and without giving any warning that he intended to release the dog upon Mr. Norton after Mr. Norton had already submitted to the officers.

17. The police dog attacked Mr. Norton, biting him repeatedly on his right thigh.

18. Deputy Eller took Mr. Norton to the hospital where he received nine stitches in his right thigh. Subsequent to the attack from Astro, Mr. Norton, has and is experiencing numbness and a lack of sensation in his right thigh.

19. Mr. Norton suffered and continues to suffer from extreme pain, both emotionally and physically.

## COUNT I
## 42 U.S.C. § 1983
## EXCESSIVE FORCE COUNT AGAINST CORPORAL WALTON

20. Paragraphs 1 – 19 of this Complaint are incorporated as if fully restated herein.

21. The release of a police dog with the knowledge or intent that the dog will attack a citizen is a use of force subject to the limitations and constraints of the Fourth and Fourteenth Amendments to the U.S. Constitution.

22. Under clearly established law, the use of force by Corporal Walton in the manner and in the circumstances of this police dog attack was an excessive, unwarranted, unlawful use of force in violation of the Fourth and Fourteenth Amendments, to wit:

    a. the unrestrained and uncontrolled release of the police dog with knowledge he would attack Mr. Norton;

    b. Mr. Norton was not fleeing from, nor threatening any police officer or other persons;

    c. Neither Corporal Walton nor any other officer at the scene had any knowledge or reliable information that Mr. Norton was armed with any weapon(s);

    d. Neither Corporal Walton nor any other officer at the scene had knowledge or reliable information that Mr. Norton was committing or had committed any violent or serious crime;

    e. Neither Corporal Walton nor any other officer at the scene had knowledge or reliable information that Mr. Norton posed any immediate threat to the safety of the officers or others;

f. Corporal Walton had knowledge that the police dog would continue to attack, maul, lacerate, and violently injure Mr. Norton until the dog was restrained;

g. Corporal Walton intentionally and/or willfully delayed in restraining or disengaging the dog from continuing to attack Mr. Norton.

23. Corporal Walton's conduct, under the color of law and in the scope of his employment as a law enforcement officer for the Lee County Sheriff's Office, deployed a police dog that severely maimed and injured Mr. Norton.

24. The deployment was contrary to the standards and accepted practices adhered to by canine units of police departments across the country and those departures therefrom constituted an unlawful use of force that proximately caused Mr. Norton's injuries.

25. At all material times, Corporal Walton did not have a reasonable fear of imminent bodily harm or that any person was in danger of imminent bodily harm from Mr. Norton.

26. Every reasonable officer would have known that using force against a compliant individual who is not resisting arrest constitutes excessive force in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Mr. Norton requests that this Honorable Court enter judgment against Corporal Walton in such sum as the jury may find appropriate to punish him

for causing such harm to Mr. Norton and to deter him and others like him from such conduct in the future; for the costs incurred by Mr. Norton in this action; for reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and such further additional, necessary, or proper relief the Court deems appropriate.

## COUNT TWO
## 42 U.S.C § 1983
## DELIBERATE INDIFFERENCE/FAILURE TO INTERVENE AGAINST DEPUTY ELLER

27. Paragraphs 1 – 26 of this Complaint are incorporated as if fully restated herein.

28. Deputy Eller, while acting under the color of law and in the scope of his employment as a law enforcement officer for the Lee County Sheriff's Department, acted objectively unreasonable and with deliberate indifference by failing to intervene as Mr. Norton was brutally and unlawfully attacked by the police dog.

29. Deputy Eller had a duty to intervene on behalf of Mr. Norton as his constitutional rights were being violated in his presence by another officer.

30. Deputy Eller knew or should have known that the force being used on Mr. Norton was excessive and unreasonable under the circumstances.

31. Deputy Eller observed and was in a position to intervene to stop Corporal Walton's use of constitutionally unreasonable force against Mr. Norton.

32. Deputy Eller did not have a reasonable fear of imminent bodily harm at any relevant time during the encounter, nor did he have a reasonable belief that any other person was in danger of imminent bodily danger from Mr. Norton at any point in time.

33. Deputy Eller's failure to intervene in Corporal Walton's use of constitutionally unreasonable force violated Mr. Norton's clearly established Fourth Amendment rights.

34. As a result of Deputy Eller's failure to intervene, Mr. Norton experienced conscious pain and suffering and sustained extensive and life-altering injuries as described *supra*.

WHEREFORE, Mr. Norton requests that this Honorable Court enter judgment against the Defendants for all damages, economic and non-economic, past and future, suffered as a result of Mr. Norton's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical treatment expenses, compensatory damages, punitive damages where applicable, nominal damages, and any and all other, further, different, general or special relief as in equity Mr. Norton may be entitled.

Respectfully submitted on: August 14, 2024

By:

/s/ Ramon Martin
Ramon Martin (ASB-1597-X69W)

**Of Counsel**:

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220 - 1157
Birmingham, AL 35203
Phone: 205-983-2017
Email: Ramon.Martin@LegalJusticeMatters.com

9